UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MEJIA, | Civil Action No. 16-4664 (JLL) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Victor Mejia, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition (ECF No. 4), to which Petitioner has replied. (ECF Nos. 5-6). For the following reasons, this Court will grant the petition and will direct an immigration judge to conduct a bond hearing for Petitioner.

**I. BACKGROUND**

Petitioner, Victor Mejia, is a native and citizen of the Dominican Republic who entered this country as a lawful permanent resident in 1994. (ECF No. 4 at 26). On October 7, 2011, Petitioner was convicted of conspiracy to manufacture, distribute, or dispense cocaine in violation of New Jersey law. (*Id.*). Following the conclusion of Petitioner's suspended prison sentence, Petitioner was taken into immigration custody on or about October 27, 2015. (*Id.* at 34-36). Petitioner has remained detained pursuant to 8 U.S.C. § 1226(c) since that time while his removal proceedings have proceeded. (*Id.* at 31, 34-36).

1

Petitioner apparently first appeared before the immigration courts on December 9, 2015, at which time his initial hearing was continued to allow Petitioner to obtain counsel. (*Id.* at 31). Petitioner was provided a custody hearing on that date as well. (*Id.*). Petitioner was scheduled to appear once again on December 29, 2015, but that hearing was again continued so that Petitioner could obtain counsel. (*Id.*). Petitioner appeared before the immigration court again on February 3, 2016, but his hearing on that date was continued so that Petitioner could prepare his case against removal. (*Id.*). Petitioner next appeared before the immigration court on March 9, 2016, at which time his master calendar hearing was rescheduled so that a merits hearing could be conducted. (*Id.* at 32). That hearing was then scheduled for May 2016, but was once again rescheduled at Petitioner's request. (*Id.*). The immigration courts thereafter held two custody hearings for Petitioner in June 2016. (*Id.*). Petitioner thereafter appeared for a merits hearing on September 21, 2016, but the hearing was continued at that time to provide Petitioner with more time to prepare for a contested hearing. (*Id.*). Another custody hearing was held on that same day. (*Id.*). Petitioner was thereafter scheduled for another merits hearing on November 16, 2016. (*Id.*). Neither party has provided this Court with an update as to what occurred on that date, and it appears that Petitioner remains detained pursuant to § 1226(c).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

Petitioner is currently held pursuant to 8 U.S.C. § 1226(c) as he has previously been convicted of a crime and is not yet subject to a final order of removal. The propriety of Petitioner's continued detention is therefore controlled by the Third Circuit's decisions in under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a given period of detention is thus "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

Given the fact specific nature of the inquiry involved, the *Diop* court did not provide a specific length of time beyond which a petitioner's detention would become unreasonable based solely on the amount of time he has been held. S*ee* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014). While the Third Circuit has still yet to provide a bright line rule for determining the reasonableness of continued detention under §

3

1226(c), the Court of appeals did provide this Court with further guidance in *Chavez-Alvarez*. In *Chavez-Alvarez*, the Third Circuit held that, at least where the Government has not shown bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

The Government contends that, although both *Diop* and *Chavez-Alvarez* are binding upon this Court, this Court should find that Petitioner's continued detention for more than a year without a bond hearing is reasonable, and that Petitioner's habeas petition should be denied. The Government bases this argument on two assertions – that Petitioner is responsible for large portions of the delay in his immigration case, and that Petitioner's claims for relief from removal are weaker than those presented in *Chavez-Alvarez* because Petitioner pled guilty to an aggravated felony in the form of a drug trafficking offense. While the Government argues that Petitioner lacks a bona fide claim for relief, it does not support this assertion with any evidence other than the delays Petitioner has requested and his having pled guilty to an aggravated felony. The Government provides little, if any, information regarding the claims for relief Petitioner has presented in the immigration courts, and does not directly argue that Petitioner has been otherwise raising baseless claims in his immigration proceedings.

This Court recently dealt with a similar argument in *Cerda-Torres v. Green,* No. 16-4194, 2016 WL 7106023 (D.N.J. Dec. 6, 2016). In that case, this Court granted a petitioner a bond hearing not withstanding his having requested multiple continuances in his immigration proceedings and having an allegedly weak case for relief from removal, explaining as follows:

4

The question before this Court, then, is whether Petitioner's continued detention is distinguishable from the situation in *Chavez-Alvarez*. In that case, the Third Circuit specifically held that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475. Thus, detention can become unreasonable even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.*

Turning to the question of whether reasonableness hinged on the way the Petitioner conducted himself in immigration proceedings, the *Chavez-Alvarez* panel did observe that "certain cases might be distinguishable [where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute." *Id.* at 476. That panel, however, also observed that it did "not need to decide whether an alien's delay tactics should preclude a bond hearing" where the court did not conclude that the alien [acted] in bad faith. *Id.* Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but instead is a fact specific inquiry requiring consideration of whether the alien has presented "real issues" in his immigration challenge, such as by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [v. *Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

In this matter, Petitioner has been held without bond under § 1226(c) for more than [a year], considerably longer than the six months to a year referenced in *Chavez-Alvarez*. Although some six months of that time may lay at Petitioner's feet as the Government argues, that delay alone cannot render Petitioner's [lengthy] detention reasonable. *Chavez-Alvarez* does not stand for the proposition that the Court should consider all of the delays,

5

> apportion them to the responsible parties, and see if the Government is responsible for an unreasonable amount of delay. It instead suggests that the Court must consider and weigh all available facts to determine whether the tipping point has been reached and there is a need for more than a mere presumption to continue an alien's detention.
>
> Although the Government suggests that Petitioner's challenges are not bona fide, the Government provides only scant information about the nature of those challenges. While [Petitioner's prospects] may be limited[,] the Government's conclusion that Petitioner is clearly removable is not enough to indicate that Petitioner has been acting in bad faith in pursuing relief from deportation. Even granting Petitioner's prima facie removability, which one can hardly dispute, without more information suggesting that relief from removal itself is functionally impossible, or further factual evidence suggesting that Petitioner's requests for continuances were simply time grabs and were not undertaken as a means to pursue legitimate avenues of relief, none of which have been provided in this matter, this Court cannot conclude that Petitioner has been acting in bad faith. As such, while this matter may be different from *Chavez-Alvarez*, nothing the Government has presented convinces this Court that this matter is so distinguishable that Petitioner has not yet reached the tipping point where a bond hearing is required in this matter after more than [a year] of detention.

*Id.* at *2-3.

In this matter, Petitioner has been detained pursuant to § 1226(c) for approximately fourteen months, considerably longer than the six months to a year discussed in *Chavez-Alvarez*. Although the Court recognizes that Petitioner has been responsible for most of the delay in his underlying removal proceedings, nothing the Government has presented in this matter convinces this Court that Petitioner has acted in bad faith in pursuing relief from removal, even granting the Government's contention that Petitioner is prima facie removable based on his conviction, as the Government has not presented any facts showing that relief is unavailable or that Petitioner's requests for continuances were indicative of a dilatory motive. Thus, although this case is a much closer call than that presented in *Cerda-Torres*, this Court concludes that, after fourteen months of

6

detention, the tipping point has been reached and Petitioner's continued detention absent a bond hearing is no longer necessary to achieve the goals of the statute. This Court therefore concludes that Petitioner's petition must be granted, and he must be provided a bond hearing before an immigration judge. 783 F.3d at 477-78.

### III. CONCLUSION

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an immigration judge to provide Petitioner with a bond hearing. An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge